Martin Wright et al., Appellees, v. Depositors State Bank et al., Appellees. Salvatore Chiavola, Appellant.

Gen. No. 36,176.

the third division of this court for the first district.
Opinion filed December 21, 1932.

DOWLING & HEALY and J. C. DE WOLFE, for appellant.

FRIEDMAN, SCHIMBERG & ALSTER, for appellee Aaron Saperstein.

MR. JUSTICE HALL delivered the opinion of the court.

In this case a bill in chancery was filed in the circuit court of Cook county by Martin Wright and others, complainants (appellees herein), creditors of Depositors State Bank, insolvent, against the stockholders of this bank to enforce the stockholders' liability provided for by section 6, Article XI, of the Constitution of the State of Illinois. Thereafter complainants filed a petition in said cause in which it is alleged among other things that Salvatore Chiavola, Frank Bobek, Agnes Hanacik and Anna Mrosek, as alleged creditors of said Depositors State Bank, theretofore filed a bill in the circuit court of Cook county, No. B–235621, against the Depositors State Bank and its stockholders, and that Aaron Saperstein, an alleged creditor of said bank, an appellee herein, had also theretofore filed a similar bill in the circuit court of Cook county against the stockholders of the Depositors State Bank, in which each sought to obtain the same relief as that prayed in the bill filed herein.

The petition also recites "that in the cause known as Chiavola v. Depositors State Bank, No. B–235621, said complainant, Chiavola, is not and was not a bona fide creditor of said bank at the time of filing his said bill herein, and is not entitled to maintain said cause and is not entitled to any equitable relief whatsoever; and that his said solicitor, John C. DeWolfe, intends also to harass your petitioners in the orderly procedure of the above entitled cause." To this petition Salvatore Chiavola, Frank Bobek, Agnes Hanacik and Anna Mrosek filed a sworn answer in which they assert that they are depositors and creditors of the Depositors State Bank.

In its prayer for relief, the petitioners in the instant case ask that Salvatore Chiavola, Frank Bobek, Agnes Hanacik and Anna Mrosek, complainants in cause No. B–235621, together with their solicitors, agents and servants and each of them, be restrained and enjoined from prosecuting any further proceedings in cause No. B–235621, and from instituting or prosecuting any other suits or actions of any kind in law or in equity against the said Depositors State Bank or any of the stockholders to enforce the statutory stockholders' liability until the further order of this court.

Affidavit was made to the petition by one John A. Russell, who stated that he knew the contents of the petition, and that the same was true *except as to such matters as are therein alleged to be upon information and belief of said petitioners,* and as to such matters and things *he* believes it to be true. The petition was signed by "Martin Wright, Anna Lanser, by McElroy & Pearson, Solicitors," and sworn to by John A. Russell. Upon this petition, supported by the affidavit, the court ordered that an injunction issue and that said Salvatore Chiavola, Frank Bobek, Agnes Hanacik and Anna Mrosek, complainants in said cause, together with their solicitors, agents and servants and each of them be enjoined and restrained from

prosecuting any further proceedings in said cause No. B–235621, and from instituting or prosecuting any further suits or actions of any kind in law or equity against the said Depositors State Bank or any of its stockholders to enforce the statutory stockholders' liability until the further order of this court. This is an interlocutory appeal from such order.

An affidavit with a form of oath to a petition for an injunction upon which perjury cannot be assigned, is not sufficient to justify the court in ordering an injunction to issue without a hearing. It is apparent that perjury could not be assigned upon the petition and affidavit under oath attached thereto. An oath is defined by Standard Dictionary to be "such an attestation or affirmation to the truth of a statement as renders liable to punishment for perjury one who wilfully thus asserts what is not true."

Apparently, the allegation in the petition upon which the court ordered the injunction to issue is that Chiavola, one of the appellants, was not a creditor of the bank. This is an issue to be determined in the trial of the case. There is no allegation in the petition for injunction that Frank Bobek, Agnes Hanacik and Anna Mrosek are not bona fide creditors of the bank, and have not the right under the law to proceed with the bill filed by them.

The trial court was in error in issuing the injunction upon the showing made in the petition and upon the affidavit thereto. The decree appealed from is, therefore, reversed and remanded. This court holds that Aaron Saperstein, appellee, is not a proper party to the appeal. It is, therefore, ordered that his assignment of cross errors and his brief and argument be stricken from the files.

*Reversed and remanded.*

WILSON, P. J., and HEBEL, J., concur.